UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| TIFFANY NICHOLSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-00455 |
| CASHNETUSA CO, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes TIFFANY NICHOLSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CASHNETUSA CO, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who resides at 2453 West Auer Avenue, Apartment A, Milwaukee, Wisconsin, which lies within the Eastern District of Wisconsin.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "customer" as defined by §421.301(17) of the WCA.

7. Defendant "is an online lender offering financial solutions to consumers in the US."[1] With its principal place of business located at 175 West Jackson Boulevard, Suite 1000, Chicago, Illinois, Defendant regularly attempts to collect upon consumers in Wisconsin.

8. Defendant is a "debt collector" and "creditor" as defined by §427.103(3) and §421.301(16) of the WCA, respectively, because it regularly engages in consumer credit transactions uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. In approximately 2014, Plaintiff discovered that she was the victim of identity theft. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

---

[1] https://www.cashnetusa.com/about-us.html

12. Shortly thereafter, Plaintiff began receiving calls from Defendant to her cellular phone, (414) XXX-8244. *See* Exhibit A.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8244. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Upon answering phone calls from Defendant, Plaintiff experiences a brief pause, lasting approximately four to five seconds in length, before a live representative begins to speak. *Id.*

15. When speaking with Defendant, Plaintiff also hears background noise sounding similar to that of a call center. *Id.*

16. The phone number that Defendant most often uses to contact Plaintiff is (866) 653-2116, but upon belief, it may have used other phone numbers as well. *Id.*

17. Upon information and belief, the phone number ending in 2116 is regularly utilized by Defendant during its debt collection activity.

18. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was seeking to collect upon an outstanding loan payment that was listed under her name. *Id.*

19. Plaintiff informed Defendant that the debt in question did not belong to her, as her identity was stolen and some other individual must have used her information to obtain the loan. Plaintiff also demanded that Defendant stop contacting her. *Id.*

20. Defendant notified Plaintiff that in order to stop the calls and cancel her account, it required her to provide a copy of the police report she filed for identity theft, as well as her social security card. *Id.*

21. Plaintiff faxed a copy of the police report and her social security card to Defendant at least twice, and Defendant claimed that it did not receive said faxes. *Id.*

22. Despite Plaintiff's efforts to send the requested information as well as demanding that Defendant stop calling her, it has continued to place calls to her cellular phone up until the date of the filing of this complaint. *Id.*

23. When Plaintiff misses phone calls from Defendant, it often leaves her a voice message on her phone, notifying her that she owes money on a past due loan. *Id.*

24. Defendant has systematically called Plaintiff's cellular phone countless times on a periodic basis since 2014, despite her multiple demands to cease contact. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $73.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The

TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

31. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting approximately four to five seconds in length, before Plaintiff was connected with one of Defendant's live representatives is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

32. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any fraudulent consent that Defendant may have obtained from the individual responsible for the identity theft to be contacted by it using an ATDS was explicitly revoked by Plaintiff's multiple demands to cease contact.

33. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant received multiple prompts to cease calling, but it defied those demands and continued to harass Plaintiff.

WHEREFORE, Plaintiff, TIFFANY NICHOLSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

5

Case 2:17-cv-00455-JPS   Filed 03/29/17   Page 5 of 8   Document 1

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h)

37. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it to stop calling her as well as informing it that her identity was stolen. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone for over two years without her consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

38. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

6

40. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after she told it to stop calling. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so. Defendant notified Plaintiff that it would continue its attempts to collect upon this outstanding loan unless she provided a copy of a police report and her social security card. However, once Plaintiff demanded that it stop contacting her, Defendant had an obligation under the TCPA to cease its contacts, with or without obtaining the requested documents. This is misleading and Defendant is attempting to enforce a right when it should know that such right does not exist.

41. As plead in paragraphs 24 through 28, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to §427.105.

42. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded that Defendant stop contacting her, but yet, she was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant has systematically harassed Plaintiff by calling her for over two years. This onslaught of phone calls has been an attempt by Defendant to harass Plaintiff into submission. After Plaintiff informed it that her identity was stolen and that she never obtained a loan from it, as well as telling it to stop calling, Defendant had more than enough information to know that it should not continue calling her phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly

7

engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TIFFANY NICHOLSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2017                                   Respectfully submitted,

s/ Nathan C. Volheim                           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103               Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                          Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin  Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                       Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                 900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                      Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                    (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                       thatz@sulaimanlaw.com